UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AUTOZONE, INC., ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, to correct unlawful employment practices based on religion by AutoZone, Inc. (hereinafter "AutoZone") and to provide appropriate relief to Frank Mahoney-Burroughs (hereinafter "Mahoney-Burroughs"), a former employee of AutoZone and adherent of the Sikh religion. As alleged with greater particularity below, AutoZone discriminated against Mahoney-Burroughs by failing to reasonably accommodate his religious practices, by subjecting him to a religion-based hostile work environment, and by terminating him because of his religion and in retaliation for opposing AutoZone's unlawful employment practices.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Massachusetts.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (hereinafter "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706 (f)(1) and (3) of Title VII, 42 U.S.C. §§2000e - 5 (f)(1) and (3).

4. At all relevant times, Defendant AutoZone was doing business in the State of Massachusetts, and continuously had at least 15 employees.

5. At all relevant times, Defendant AutoZone has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

6. At all relevant times, Defendant AutoZone was an employer of Mahoney-Burroughs.

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Mahoney-Burroughs filed a charge with the Commission alleging violations of Title VII by Defendant AutoZone. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. AutoZone hired Mahoney-Burroughs in 2007 as a Senior Sales Associate at its Everett, Massachusetts location.

9. In or about August or September of 2009, Mahoney-Burroughs converted to the Sikh religion.

10. Mahoney-Burroughs had notified his store manager of his impending conversion and told him that Sikhism required him to wear a turban and kara (religious bracelet) and leave his facial hair uncut.

11. The Sikh religion is the world's fifth-largest religion by adherents.

12. Beginning when he converted to Sikhism, and escalating after he requested an accommodation of his religious beliefs and began wearing his religious attire to work, AutoZone's managers subjected Mahoney-Burroughs to insults and uninvited touching because of his religious beliefs and practices, and made unreasonable and humiliating demands regarding his request for a religious accommodation. Examples include, but are not limited to, the following:

a. When Mahoney-Burroughs first wore his turban and kara to work, AutoZone's store manager refused to let him work, threatened to throw Mahoney-Burroughs out of the store if he returned with his turban, and demanded that Mahoney-Burroughs prove in writing that his religion required that he wear a turban and kara.

b. While Mahoney-Burroughs sought documentation from his gudwara (a Sikh house of worship) in response to Defendant's request for documentation relating to Sikh practices, AutoZone allowed him to wear his turban to work while repeatedly asking him for the "documentation." Mahoney-Burroughs' gurdwara never provided Autozone the information.

c. Although Mahoney-Burroughs repeatedly explained to his managers why a turban and kara were important to his religion, told them multiple times that they could easily look up relevant information on the internet, and gave a manager a printout from a Google search that described the requirements of Sikhism, AutoZone continued to insist that Mahoney-Burroughs provide "documentation" of his religion.

  d. A supervisor frequently taunted Mahoney-Burroughs with names like "Sikhi" and "Poon-Jabi King," called his turban a "towel," and grabbed his kara and used it to pull him.

  e. AutoZone's managers rarely intervened when they heard customers call Mahoney-Burroughs "Bin Laden" and make terrorist jokes about him.

  f. AutoZone's managers took no action when they heard a co-worker refer to Mahoney-Burroughs' turban as a "Muslim hat."

  g. The store manager called Mahoney-Burroughs a terrorist and asked him if he had joined Al Qaeda and was planning on blowing up the store.

  h. The district manager told Mahoney-Burroughs that wearing his turban was as offensive as if he had decided to be gay.

13. Mahoney-Burroughs repeatedly asked his managers to stop the harassment, but they did not. He also complained to them about the similar harassing behavior of customers and co-workers, but to no avail.

14. Because Mahoney-Burroughs could not endure this hostile environment, and because he wanted AutoZone to reasonably accommodate his religious practices, he complained in writing to AutoZone's human resources manager. In his complaint, he described the hostile environment and the accommodation he needed: "I would need to wear a turban, a kara (religious bracelet), and cannot cut my facial hair."

15. In response to Mahoney-Burroughs' complaint, AutoZone suspended him with pay while it conducted an investigation, through which AutoZone substantiated much of the harassing behavior. Also in response to his complaint, AutoZone stopped allowing him to wear the turban and kara at work.

4

16. Notwithstanding AutoZone's investigation of his complaint, AutoZone continued its hostile environment towards accommodating Mahoney-Burroughs' Sikh religion by making his return from suspension contingent upon either full compliance with its dress code or the submission of unspecified documentation regarding his religion, which AutoZone would then have to approve. AutoZone's reasons for requiring such documentation are pretextual.

17. When Mahoney-Burroughs returned to work with his turban and his kara, AutoZone again refused to accommodate him. Mahoney-Burroughs concluded that AutoZone would never accommodate him and thus he made no further attempts to return. AutoZone then terminated his employment for "job abandonment."

18. The effect of the practices complained of above has been to deprive Mahoney-Burroughs of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion and his protected opposition to this unlawful activity.

18. The unlawful employment practices complained of above were intentional.

19. The unlawful employment practices complained of above were done with malice or with reckless indifference to Mahoney-Burroughs's federally protected rights.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from discriminating on the basis of religion, refusing to accommodate the religious beliefs of employees when they do not pose an undue hardship, or retaliating against employees who oppose unlawful practices.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal opportunities for employees regardless of their religious beliefs, which ensure the

reasonable accommodation of religious practices, and which eradicate the effects of its unlawful employment practices.

  C. Order Defendant to make Mahoney-Burroughs whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay and reinstatement.

  D. Order Defendant to make Mahoney-Burroughs whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, job search expenses and contributions to pension and health insurance funds, in amounts to be determined at trial.

  E. Order Defendant to make Mahoney-Burroughs whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain and suffering, loss of enjoyment of life, humiliation, and inconvenience in amounts to be determined at trial.

  F. Order Defendant to pay Mahoney-Burroughs punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

  The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 28, 2010
   Boston, Massachusetts

             Respectfully submitted,

        P. David Lopez
        General Counsel
        James L. Lee
        Deputy General Counsel
        Gwendolyn Y. Reams
        Associate General Counsel
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        131 M Street, N.E.
        4th Floor, Room 5SW30B
        Washington, D.C. 20507-0100

        /s/Elizabeth Grossman_____
        Elizabeth Grossman
        Regional Attorney

        /s/Robert D. Rose_____
        Robert D. Rose
        Supervisory Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        New York District Office
        33 Whitehall St., 5th Floor
        New York, NY 10004-2112
        (212) 336-3696
        Elizabeth.Grossman@eeoc.gov


        /s/Markus L. Penzel_____
        Markus L. Penzel
        Senior Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Boston Area Office
        John F. Kennedy Federal Building
        Room 475
        Boston, MA 02203-0506
        (617) 565-3193
        Markus.Penzel@eeoc.gov